UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARK GALLAGHER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-CV-2025 |
| ) | |
| SPORTS PUBLISHING, LLC and ) | |
| WALTER LECONTE, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

This case is before the court for ruling on the Motion to Dismiss (#18) filed by Defendant Sports Publishing LLC (Sports Publishing). This court has carefully considered the Motion (#18), the Response (#21) and Memorandum in Opposition (#22) filed by Plaintiff, Mark Gallagher, and Sports Publishing's Reply (#24). Following this careful and thorough review, Sports Publishing's Motion to Dismiss (#18) is GRANTED. Plaintiff's Complaint (#1) is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. However, this court declines to award sanctions against Plaintiff.

FACTS

On February 2, 2007, Plaintiff filed a Complaint (#1) against Sports Publishing and Walter Leconte (Leconte). On October 25, 2007, a Discovery Order (#13) was entered in this case by Magistrate Judge David G. Bernthal. The Discovery Order set various deadlines and stated that the "[p]arties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by December 31, 2007." On December 31, 2007, both Sports Publishing and Leconte filed a Certificate of Service (#14, #15) certifying that initial disclosures were provided to Plaintiff. Plaintiff did not file a certification.

On August 27, 2008, Leconte filed a Notice of Bankruptcy Filing (#16). A status conference was held before Judge Bernthal on September 15, 2008. At the conference, it was determined that Plaintiff would proceed against Sports Publishing but the case was stayed as to Leconte. On October 22, 2008, Sports Publishing filed a Notice of Bankruptcy Filing (#17). The Notice stated that Sports Publishing had filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Bankruptcy Code on October 15, 2008. A copy of the Voluntary Petition was attached to the Notice. On December 2, 2008, a status conference was held before this court. This court vacated the jury trial scheduled for December 15, 2008, due to the bankruptcy filings by both Defendants. Counsel for Sports Publishing requested dismissal of Plaintiff's Complaint due to Plaintiff's failure to prosecute the case. This court allowed Defendants to file any motions deemed appropriate by January 9, 2009. This court stated that Plaintiff was allowed until January 30, 2009 to file a Response.

## ANALYSIS

On January 9, 2009, Sports Publishing filed a Motion to Dismiss for Failure to Make Disclosures and for Failure to Prosecute (#18). Sports Publishing stated that Plaintiff did not serve his initial disclosures on Defendants or file a certificate with this court. Sports Publishing also stated that, at the September 15, 2008, status conference, a discussion was held regarding the fact that neither Defendant had received any communication from counsel for Plaintiff since the October 2007 scheduling conference. Sports Publishing stated that, at the October 22, 2008, status conference, its counsel reiterated the fact that Plaintiff had never filed the required certificate of compliance indicating that disclosures had been made and had taken no apparent action to pursue this litigation and suggested that the court should dismiss the action for want of prosecution. As noted, this court then set a schedule for an appropriate motion to be filed.

In its Motion, Sports Publishing argued that Plaintiff had taken no steps to pursue its case or otherwise prepare it for trial. Sports Publishing argued that this court should dismiss the case for want of prosecution. Sports Publishing also argued that sanctions should be imposed because Plaintiff completely failed to meet his obligations under Rule 26(a) of the Federal Rules of Civil Procedure by failing to provide initial disclosures, which were due by December 31, 2007, pursuant to the terms of the Discovery Order (#13) entered in this case. Sports Publishing argued that it should be awarded the reasonable attorney fees it incurred since December 31, 2007.[1]

On January 30, 2009, Plaintiff filed a Response to Motion to Dismiss and for Sanctions (#21) and a Memorandum of Law Supporting Plaintiff's Response to Motion to Dismiss (#22). Plaintiff did not address or counter any of Sports Publishing's arguments regarding Plaintiff's inaction in pursuing his case or his failure to provide initial disclosures as required by Judge Bernthal's Discovery Order (#13). Instead, Plaintiff argued only that, because Sports Publishing had filed a Notice of Bankruptcy, its counsel had no authority to file a Motion to Dismiss on its behalf because any action would have to be taken by the bankruptcy trustee. Plaintiff also argued that this court cannot rule on the Motion to Dismiss because of the automatic stay.

On February 2, 2009, Sports Publishing filed a Reply in Support of its Motion to Dismiss (#24). Sports Publishing stated that, as it stated in its Notice of Bankruptcy Filing, it filed under Chapter 11 for a reorganization. Sports Publishing argued that, as such, it is a debtor in possession and continues to operate its business. Sports Publishing argued that, contrary to Plaintiff's contention, the trustee does not operate the company and would not unless the bankruptcy is

---

[1] On January 27, 2009, this court entered an Order (#19) which granted Sports Publishing's Motion to Dismiss based upon Plaintiff's failure to file a Response to the Motion. Plaintiff filed a Motion to Reconsider (#20) which pointed out that this court had allowed Plaintiff until January 30, 2009, to file a Response. On January 28, 2009, this court entered an text order which granted Plaintiff's Motion to Reconsider and vacated its Order (#19).

3

converted to a Chapter 7 dissolution.

This court concludes that Plaintiff's arguments are completely devoid of merit. Sports Publishing is correct that, in a Chapter 11 bankruptcy, the bankruptcy estate is administered by the debtor in possession. See Ginsberg & Martin on Bankruptcy § 13.01, at p. 13-5. Therefore, this court concludes that Sports Publishing's counsel had the authority to act on its behalf and file the Motion to Dismiss. This court further concludes that the dismissal of a bankruptcy debtor from a lawsuit does not violate the automatic bankruptcy stay. See Darr v. Altman, 20 S.W.3d 802, 807 (Tex. App. 2000). A Rule 41 dismissal does not violate the automatic stay because the purposes of the Bankruptcy Code are in no way infringed by dismissal of the action against the bankrupt party without any additional cost or risk to the bankrupt party or its creditors. See Slay v. Living Ctrs. E., Inc., 249 B.R. 807 (S.D. Ala. 2000); Chase Manhattan Bank. N.A. v. Celotex Corp., 852 F. Supp. 226, 228 (S.D.N.Y. 1994).

This court concludes that Sports Publishing has adequately shown that Plaintiff has failed to prosecute his case and has violated Judge Bernthal's Discovery Order regarding initial disclosures. Plaintiff, although allowed the opportunity to do so, has not disputed or countered Sports Publishing's showing of failure to prosecute.

IT IS THEREFORE ORDERED THAT:

(1) Sports Publishing's Motion to Dismiss (#18) is GRANTED.

(2) Plaintiff's Complaint (#1) is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. This case is terminated.

(3) This court declines to award sanctions under Rule 37(c) of the Federal Rules of Civil Procedure based upon Plaintiff's failure to meet his obligations under Rule 26(a) of the Federal Rules of Civil Procedure. This court concludes that dismissal of the action is an adequate sanction

under these circumstances.

ENTERED this 4th day of February, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE